UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Thomas Thompson</u>,
     Plaintiff

     v.                               Civil No. 09-cv-82-SM
                                        Opinion No. 2010 DNH 104
<u>Todd Gordon, Nicholas Granville,</u>
<u>Vincent Williams, John Does 1-5,</u>
<u>and Hillsborough County</u>,
     Defendants

<u>**O R D E R**</u>

     This case was removed from the New Hampshire Superior Court. Plaintiff, Thomas Thompson is suing to recover for injuries that allegedly resulted from defendants' use of excessive force against him.  He claims that during a thirty-day period in May and June of 2006, he was beaten, pepper sprayed, and assaulted in other ways, for no valid reason, on a daily basis, by various correctional officers at the Hillsborough County House of Corrections ("HCHC").  Thompson's only federal claim asserts violations of his constitutional rights.  42 U.S.C. § 1983. Defendants move for summary judgment on the federal claim, arguing that Thompson has not fully exhausted administrative remedies available to him, as required by the Prisoner Litigation Reform Act ("PLRA").  Thompson objects.  For the reasons given, defendants' motion for summary judgment is granted and Thompson's state-law claims are remanded to state court.

A summary judgment motion should be granted when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor." <u>Meuser v. Fed. Express Corp.</u>, 564 F.3d 507, 515 (1st Cir. 2009) (citing <u>Rochester Ford Sales, Inc. v. Ford Motor Co.</u>, 287 F.3d 32, 38 (1st Cir. 2002)).

Defendants argue that they are entitled to summary judgment because Thompson has not exhausted the administrative remedies available to resolve the issues on which Count VI is based. Defendants are correct.

42 U.S.C. § 1997(e), as amended by the PLRA, provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Moreover, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

2

episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007). Unexhausted claims are subject to dismissal. See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002).

Thompson concedes that his federal claim is unexhausted, but contends that it should not be dismissed because the circumstances of this case fall within an exception to the PLRA exhaustion requirement. Specifically, he argues that defendants are estopped from asserting a defense based on his failure to exhaust because they threatened him with further assaults if he complained about the beatings they had already inflicted on him.

In Hemphill v. New York, 380 F.3d 680 (2d Cir. 2004), the Second Circuit explained that when correctional officers employ specific threats to prevent inmates from pursuing administrative remedies, those threats can: (1) make administrative remedies unavailable, thus rendering the exhaustion requirement inapplicable, see id. at 686-88; (2) estop any defendant who made such threats from presenting the affirmative defense of failure to exhaust, see id. at 686, 688-89; and (3) serve as a "special

circumstance" that justifies an inmate's failure to exhaust, <u>see</u> <u>id.</u> at 686, 689-91.


Relying on <u>Hemphill</u>, Thompson says that "he was threatened with further assaults if he complained about the beatings and that he thus did not follow the grievance process out of fear." (Pl.'s Obj. (document no. 17), at 2-3.)  But, Thompson's deposition, the evidence upon which he relies in opposing summary judgment, establishes only that he was subjectively afraid, in a generalized way, of retaliation if he attempted to use the HCHC grievance procedure.  (See Pl.'s Obj., at 3-5 (quoting Thompson Dep. (document no. 17-2), at 64-64, 77, 78-79).)  That is, Thompson proffers no objective evidence of any direct or implied threats against him by any individual HCHC correctional officers. Thus, his position is markedly different from that on which the Second Circuit relied in <u>Hemphill</u>:

> Hemphill argue[d] that Surber [a correctional officer] told Hemphill that "[he]'d better drop it," warned that if Hemphill "pursue[d] this any further," Surber would bring criminal charges against him, and promised that if Hemphill sought medical attention, Surber would "know about it and . . . make your life a living hell throughout this penal system."  In the face of such alleged verbal and physical threats, and "with fear of being assaulted [further] by the defendants," Hemphill asserts that he "agree[d] to their threats so that he would not be torture[d] any more."

<u>Hemphill</u>, 380 F.3d at 689.  Absent some indication of

demonstrable threats of the sort described in <u>Hemphill</u>,[1] the estoppel exception to the exhaustion requirement is inapplicable.

A generalized, unspecific, and subjective belief or fear of retaliation on the part of an inmate cannot give rise to estoppel excusing exhaustion — estoppel principles may nullify the exhaustion requirement, but that type of estoppel must be based upon what the defendants themselves said or did.  If an inmate's generalized subjective fear of retaliation, unsupported by objective evidence of a threat, or other reliable grounds to fear retaliation, was sufficient to negate the exhaustion requirement, the requirement would be substantially undermined, contrary to the Supreme Court's holding in <u>Porter</u>, 534 U.S. at 532.

Defendants have produced uncontradicted evidence that Thompson did not exhaust the administrative remedies available to him before filing suit, and he concedes the point.  Because Thompson has not exhausted his federal claim, and has proffered no valid justification for his failure to do so, defendants are

---

[1] In <u>Ziemba v. Wezner</u>, 366 F.3d 161 (2d Cir. 2004), on which the <u>Hemphill</u> court relied in applying the estoppel exception, "the plaintiff alleged that prison officials prevented him from exhausting his administrative remedies by beating him, threatening him, denying him grievance forms and writing implements, and transferring him to another correctional facility."  <u>Hemphill</u>, 380 F.3d at 688 (citing <u>Ziemba</u>, 366 F.3d at 162).

entitled to dismissal of that claim.  See Medina-Claudio, 292
F.3d at 36.  Dismissal, however, is without prejudice to
Thompson's refiling his federal claim after exhausting the
administrative remedies available to him.

Thompson's only federal claim is necessarily dismissed, and
the court declines to exercise its supplemental jurisdiction over
the remaining claims arising under state law.  See Camelio v.
American Federation, 137 F.3d 666, 672 (1st Cir. 1998).

## Conclusion

Defendants' motion for summary judgment on Count VI
(document no. 16) is granted.  Thompson's remaining state law
claims are remanded to the New Hampshire Superior Court,
Hillsborough County, Northern District.

**SO ORDERED.**

Steven J. McAuliffe
Chief Judge

June 28, 2010

cc:  Karen L. Rosenberg, Esq.
     Stephen A. Duggan, Esq.